IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY L. PROCTOR, SR., *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. RDB-23-3396 |
| CARYOLYN J. SCRUGGS, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TERRY L. PROCTOR, SR., *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. MJM-24-251 |
| STATE OF MARYLAND, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This civil rights action involves two consolidated cases arising from the murder of Terry L. Proctor, Jr., ("Mr. Proctor") while he was incarcerated at Dorsey Run Correctional Facility in Jessup, Maryland. On December 14, 2023, Plaintiffs Terry L. Proctor, Sr., individually and as representative of the Estate of Terry L. Proctor, Jr. ("Plaintiff Proctor"); Stephanie Proctor-Lassiter ("Proctor-Lassiter"); and Shanae Johnson ("Johnson"), as Parent and Next Friend of minor child Terry Proctor, III, ("Minor Plaintiff Proctor") (collectively, "Plaintiffs") initiated a federal action by filing a Complaint in this Court against Defendants

1

Carolyn J. Scruggs, in her official capacity as Secretary of the Maryland Department of Public Safety and Correctional Services ("Scruggs"); David C. Greene, in his official capacity as warden of Dorsey Run Correctional Facility ("Greene"); and five Officer John Doe Defendants ("John Doe Defendants"), (collectively "Original Defendants"). (ECF No. 1.)[1] Shortly thereafter, Plaintiffs filed a civil action in the Circuit Court for Baltimore County, raising similar claims related to the same events against Defendants State of Maryland ("Maryland"); Maryland Department of Public Safety and Correctional Services ("DPSCS"); and Greene (collectively, "Consolidated Defendants") (collectively with Original Defendants, "Defendants"). Consolidated Defendants removed that case to this Court, which granted Original Defendants' unopposed Motion to Consolidate Cases (ECF No. 23; ECF No. 25) by Order dated April 10, 2024. (ECF No. 26).

In their Complaint against Original Defendants (ECF No. 1), Plaintiffs allege various federal and state claims related to Mr. Proctor's death. (*Id.*) Specifically, Plaintiffs allege violation of 42 U.S.C. § 1983 and the Fourteenth Amendment (Count I); violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count II); violation of the Eighth Amendment and 42 U.S.C. § 1983 (Count III); violation of Articles 16 and 25 of the Maryland Declaration of Rights (Count IV); violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count V); negligence (Count VI); gross negligence (Count VII); wrongful death (Count VIII); survivorship (Count IX); and negligent hiring, retention, training, and

---

[1] Where citations include only the Electronic Case Filing ("ECF") number of the document, the citation refers to the lead case, *Proctor v. Scruggs*, RDB-23-3396. Because not all documents related to the consolidated case, *Proctor v. Scruggs*, MJM-24-251, were filed in the lead case, however, the Court must cite to both cases. Accordingly, citations to the consolidated case will include that case's number in this court, MJM-24-251, and the ECF number for the filing in that case.

supervision (Count X).[2] (*Id.*)  In their Complaint against Consolidated Defendants, Plaintiffs allege wrongful death (Count I); survivorship (Count II); violation of Maryland Declaration of Rights Articles 16, 19, 24, 25, and 26 (Count III); *Longtin*[3] unconstitutional pattern or practice claim against Defendants Maryland and DPSCS (Count IV); Negligent hiring, retention, training, and supervision against Defendants Maryland and DPSCS (Count V); violation of 42 U.S.C. § 1983 and the Fourteenth Amendment (Count VI); violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count VII); violation of the Eighth Amendment and 42 U.S.C. § 1983 (Count VIII); negligence (Count IX); gross negligence (Count X).[4] (MJM-24-251, ECF No. 1-7.)

Currently pending before this Court are four motions filed by the parties: (1) Defendants Greene and Scruggs' Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 30) ("Greene and Scruggs' Motion"); (2) Consolidated Defendants' Motion to Dismiss and Motion to Strike Specific Paragraphs of Plaintiffs' Complaint or in the Alternative Motion for Summary Judgment (ECF No. 32) ("Consolidated Defendants' Motion"), (collectively, "Defendants' Motions to Dismiss"); (3) Defendants' Motion to Strike Plaintiffs' Response in Opposition to Consolidated Defendants' Motion (ECF No. 57) ("Defendants' Motion to Strike") (collectively "Defendants' Motions"); and (4) Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) ("Plaintiffs' Motion").

---

[2] Plaintiffs' Complaint erroneously labels this count "Count V." (ECF No. 1 at 21.) For clarity, this Court will refer to this count as "Count X."

[3] *Prince George's County v. Longtin*, 988 A.2d 20 (Md. 2010), is a Maryland case recognizing that municipalities may be liable for state constitutional violations by their employees acting within the scope of employment. *See Palmer v. Maryland*, Civ. No. CDA-19-0899, 2024 WL 4349730, at *6 (D. Md. Sept. 30, 2024) (explaining *Longtin* claims).

[4] Plaintiffs erroneously label this "Count VII" when, consistent with Plaintiffs' numbering, it should be Count X. For clarity, the Court will refer to this as Count X of the consolidated case.

Plaintiffs have filed responses in Opposition to Greene and Scruggs' Motion (ECF No. 47), to Consolidated Defendants' Motion (ECF No. 48), and to Defendants' Motion to Strike (ECF No. 61), and Defendants have replied (ECF No. 62). Similarly, Defendants have responded in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 56) and Plaintiffs have replied (ECF No. 60). The parties' submissions have been reviewed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

For the reasons explained below, Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) is GRANTED, Defendants' Motion to Strike (ECF No. 57) is DENIED, and Defendants' Motions to Dismiss the Original Complaints (ECF No. 30 and ECF No. 32) are MOOT.[5]

## BACKGROUND

Except where otherwise indicated, the below facts are taken from the Plaintiffs' Complaint against Original Defendants and supplemented with facts from Plaintiffs' suit against Consolidated Defendants where necessary.

Plaintiffs' allegations arise out of Mr. Proctor's death after he was stabbed by another inmate on December 14, 2020, while he was incarcerated at Dorsey Run Correctional Facility ("Dorsey Run") in Jessup, Maryland. (ECF No. 1 ¶¶ 19, 24.) Plaintiffs allege that shortly before 11:00 PM on December 14, 2020, Mr. Proctor was asleep in his bed in HU2, a dormitory-style pre-release unit, when another inmate, DeAndre Allen ("Allen"), approached him. (*Id.* ¶¶ 19–22; ECF No. 46 ¶ 1.) Plaintiffs allege that Allen should not have been walking around the unit at that time, but no officers intervened to instruct him to return to his bunk.

---

[5] Defendants may accordingly revise, supplement, and file any new motions as to the Amended Complaint.

4

(ECF No. 1 ¶ 23.)  According to Plaintiffs, Allen stabbed Mr. Proctor more than thirty times, causing at least five fatal wounds to Mr. Proctor's lungs and brain.  (*Id.* ¶ 24.)

Plaintiffs allege that correctional officers made an urgent request to call 911 at approximately 11:23 PM the same evening, and medical staff arrived to the unit to discover Mr. Proctor laying on his back in a pool of blood on the floor.  (*Id.* ¶ 25–26.)  Plaintiffs allege that Mr. Proctor was unresponsive to staff members' verbal commands, was breathing inconsistently, and had visible injuries to his face, head, and torso.  (*Id.* ¶ 26.)  Medical staff performed CPR, placed a medical rebreather on Mr. Proctor, and applied an automated external defibrillator ("AED") but did not advise a shock.  (*Id.* ¶ 28.)  According to Plaintiffs, Mr. Proctor stopped breathing within two minutes of the arrival of medical personnel, and he was pronounced dead at 11:53 PM on December 14, 2020.  (*Id.* ¶¶ 29–30.)  Plaintiffs allege that, shortly after Mr. Proctor was pronounced dead, someone inside Dorsey Run sent Mr. Proctor's relative a photograph of his body on the ground.  (*Id.* ¶ 31.)

Plaintiffs allege that they have each suffered hardships due to Mr. Proctor's violent death.  Plaintiffs allege that the morning after Mr. Proctor's death, his father, Plaintiff Proctor, received a call from the prison chaplain telling him that his son had been killed.  (*Id.* ¶ 32.)  Plaintiffs allege that Plaintiff Proctor was a consistent presence in his son's life and his son's death emotionally destabilized him such that he has lost sleep and no longer desires to engage in activities he previously enjoyed with Mr. Proctor.  (*Id.* ¶¶ 33–34.)  Proctor-Lassiter similarly grieves the loss of her son and has been unable to sleep, eat, or engage in activities she once enjoyed.  (*Id.* ¶¶ 35–37.)  Minor Plaintiff Proctor, who was only eight years old when his father

5

was killed, lost the parental involvement and financial and emotional support Mr. Proctor had provided him. (*Id.* ¶¶ 39–41.)

Plaintiffs allege that Defendants were responsible for the health and safekeeping of Mr. Proctor while he as an inmate under their control. (*Id.* ¶ 42; MJM-24-251, ECF No. 2 ¶ 36.) According to Plaintiffs, Defendants breached their duties to train correctional officers at Dorsey Run to conduct their duties constitutionally and to discipline officers who violated inmates' constitutional rights. (ECF No. 1 ¶¶ 43–45; MJM-24-251, ECF No. 2 ¶¶ 37–40.) Plaintiffs allege that this breach of duty proximately caused Mr. Proctor's death, and Mr. Proctor did not cause or contribute to his death or Defendants' inaction and breach of duty. (ECF No. 1 ¶¶ 46, 48; MJM-24-251, ECF No. 2 ¶¶ 40, 42.)

Plaintiffs allege that Defendants' failures to prevent the attack and timely respond with appropriate medical assistance amounted to unconstitutional summary punishment, use of excessive force, and violation of due process rights under the federal and state constitutions. (ECF No. 1 ¶¶ 51, 52, 85–87, 89–90; MJM-24-251, ECF No. 2 ¶¶ 122, 60–75.) Plaintiffs allege that Defendants' failure to take reasonable steps to protect Mr. Proctor or respond to the attack was part of a patten, practice, or custom that placed him in a zone of danger. (ECF No. 1 ¶¶ 70–72; MJM-23-251, ECF No. 2 ¶¶ 139–143.) According to Plaintiffs, Defendants maintained a policy and practice of denying rights to individuals incarcerated at Dorsey Run, and they were deliberately indifferent to Mr. Proctor's medical conditions. (ECF No. 1 ¶¶ 75–80; MJM-24-251, ECF No. 2 ¶¶ 147–153.) Plaintiffs allege that Defendants failed to fulfill their special duty to Mr. Proctor as an individual in their custody, and John Doe Defendants acted with gross negligence by knowingly allowing the assault and failing to timely provide

6

medical assistance thereafter. (ECF No. 1 ¶¶ 94–99, 101–111; MJM-24-251, ECF No. 2 ¶¶ 156–161, 163–171.)

Additionally, Plaintiffs allege that Defendants' practice of housing more than sixty individuals in Mr. Proctor's unit without adequate security measures such as additional supervision was unreasonable and contributed to Mr. Proctor's wrongful death. (ECF No. 1 ¶¶ 113–119; MJM-24-251, ECF No. 2 ¶¶ 44–50.) According to Plaintiffs, Defendants observed or should have observed Allen approaching Mr. Proctor with a weapon, and their failure to do so caused Mr. Proctor to suffer extreme injury and pain. (ECF No. 1 ¶¶ 122–124; MJM-24-251, ECF No. 2 ¶¶ 53–55.) Plaintiffs further allege that Defendants failed to meet their duty of reasonable care because they failed to hire competent employees or provide adequate training, and they should have known that officers, administrators, and other employees had committed previous acts of violence against incarcerated individuals. (ECF No. 1 ¶¶ 127–139; MJM-24-215, ECF No. 2 ¶¶106–118.) Finally, against Defendants Maryland and DPSCS, Plaintiffs allege an unconstitutional pattern or practice of tolerating unconstitutional behavior by correctional officers. (MJM-24-215, ECF No. 2 ¶¶ 77–83.) Plaintiffs allege several instances dating back to 2005 in which officers were grossly negligent in allowing and concealing violent and fatal retaliation against incarcerated individuals under their supervision. (MJM-24-215, *id.* ¶¶ 85–103.)

On December 14, 2023, Plaintiffs filed suit against Defendants Scruggs, Greene, and John Doe Defendants in this Court. (ECF No. 1.) Plaintiffs' Complaint (ECF No. 1) lodges ten counts against Original Defendants: (1) violation of due process rights under the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Fourteenth Amendment (Count I); (2) violation

of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count II); (3) violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Eighth Amendment (Count III); (4) violation of Articles 16 and 25 of the Maryland Declaration of Rights (Count IV); (5) violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count V); (6) negligence (Count VI); (7) gross negligence (Count VII); (8) wrongful death (Count VIII); (9) survivorship (Count IX); and (10) negligent hiring, retention, training, and supervision (Count X).  (ECF No. 1.)

On December 18, 2023, Plaintiffs filed suit against Consolidated Defendants Maryland, DPSCS, and Greene in his individual and official capacity as warden of Dorsey Run, in the Baltimore County Circuit Court.  (MJM-24-215, ECF No. 2.)  Plaintiffs' state lawsuit alleged ten claims: (1) wrongful death against all Consolidated Defendants (Count I); (2) survivorship against all Consolidated Defendants (Count II); (3) violation of Articles 16, 19, 24, 25, and 26 of the Maryland Declaration of Rights against all Consolidated Defendants (Count III); (4) *Longtin* unconstitutional pattern or practice claim against Maryland and DPSCS (Count IV); (5) negligent hiring, retention, training, and supervision against Maryland and DPSCS (Count V): (6) violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Fourteenth Amendment against all Consolidated Defendants (Count VI); (7) violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against all Consolidated Defendants (Count VII); (8) violation of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the Eighth Amendment against all Consolidated Defendants (Count VIII); (9) negligence (Count IX); and (10) gross negligence (Count X).  (MJM-24-215, ECF No. 2.)  Consolidated Defendants properly removed the action to this Court (MJM-24-215, ECF No.

1), and the two cases were consolidated with the case against Original Defendants, RDB-23-3396, becoming the lead case on April 10, 2024. (ECF No. 26.)

On May 31, 2024, Defendants Scruggs and Greene filed a Motion to Dismiss or in the Alternative for Summary Judgment as to the claims against them in the lead case, RDB-23-3396. (ECF No. 30.) Also on May 31, 2024, Consolidated Defendants filed a Motion to Dismiss and to Strike or, in the Alternative, for Summary Judgment in the consolidated case, MJM-24-215. (ECF No. 32.) On July 12, 2024, Plaintiffs filed a Motion for Leave to File an Amended Complaint (ECF No. 46) and responded in opposition to Scruggs and Greene's Motion (ECF No. 47) and to Consolidated Defendants' Motion (ECF No. 48).[6] On August 13, 2024, Defendants Greene, Scruggs, Maryland, and DPSCS filed an Opposition to Plaintiffs' Motion (ECF No. 56) and a Motion to Strike Plaintiffs' filings in opposition to Defendants' Motions to Dismiss ("Defendants' Motion to Strike") (ECF No. 57). Plaintiffs responded in opposition to Defendants' Motion to Strike (ECF No. 61) and Defendants replied (ECF No. 62). Plaintiffs also replied to Defendants' Opposition to Motion for Leave to File an Amended Complaint (ECF No. 60). The parties' motions are ripe for review.

For the reasons explained below Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) is GRANTED, and Consolidated Defendants' Motion to Strike is DENIED. Defendants' pending Motions to Dismiss (ECF No. 30 and ECF No. 32), therefore, are rendered MOOT.

---

[6] Plaintiffs' proposed Amended Complaint removes the John Doe Defendants and names three additional Defendants: correctional officers Ikechukwu Nwachukwu and Temesgen Woldesenbet, and Carol F. Harmon, Warden of Dorsey Run. The record does not reflect that these defendants have been served.

9

**STANDARD OF REVIEW**

"A party may amend its pleading once as a matter of course" within "21 days after service of a motion under Rule 12(b)...." FED. R. CIV. P. 15(a). Where a plaintiff requests, and the Court grants, an extension of time to respond to a Rule 12(b) motion, the plaintiff's time to amend the complaint is correspondingly extended.[7] *See Hurd v. NDL, Inc.*, Civ. No. CCB-11-1944, 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) ("because [plaintiff] requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course"). "[A] court may not deny an amendment filed as a matter of course even if the amendment would have been futile." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. 2020).

In cases where a plaintiff must seek leave to amend, a district court should deny the plaintiff's request only "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). As this Court has explained, an amendment is futile if it would not survive a motion to dismiss. *See, e.g., Whitaker v. Ciena Corp.*, Civ. No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018) (citing *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 770 (D. Md. 2010)).[8]

---

[7] Plaintiffs filed, and this Court granted, several Consent Motions for Extensions of Time to Respond to Defendants' Motions to Dismiss. (ECF Nos. 37; 38; 40; 41.) Accordingly, Plaintiffs' Motion for Leave to File an Amended Complaint filed on July 12, 2024, was a timely response to Defendants' Motions to Dismiss. Even so, Plaintiffs filed their Motion for Leave to File an Amended Complaint more than 21 days after Defendants' Motions to Dismiss and have not argued that amendment is permissible as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A)–(B). Accordingly, the Court treats Plaintiffs' proposed Amended Complaint as an amendment requiring leave under Rule 15(a)(1)(B).

[8] As explained below, the Court concludes that it is appropriate to GRANT Plaintiffs' Motion for Leave to Amend and DENY Defendants' Motion to Strike. Defendants' pending Motions to Dismiss as to the Original Complaints, therefore, are rendered MOOT. Accordingly, the Court does not address the appropriate standard of review of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**ANALYSIS**

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Accordingly, leave should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or be futile. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). This Court has stated that "[a] review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs.*, Civ. No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. 2012); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 101 S. Ct. 25 (1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."). At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp.*, 2012 WL 37397 at *3.

In this case, granting Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) would neither prejudice Defendants, reward bad faith on the part of the Plaintiffs, nor result in the filing of futile allegations. The U.S. Court of Appeals for the Fourth Circuit has suggested that leave to amend should be granted unless it is "*obvious* from the record" that "Defendants would [be] prejudiced by the amendments." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (emphasis added). In Plaintiffs' case, it is not at all obvious from the record that Defendants would be prejudiced by the amendments. Plaintiffs allege no new legal

claims in their Amended Complaint. Rather, they streamline this litigation by consolidating claims previously filed in separate state and federal actions and naming correctional officer Defendants previously unknown to Plaintiffs. At present, no trial date had been set and no discovery has been conducted in this case.

Defendants do not present any substantive argument that they will be prejudiced by the filing of an Amended Complaint. At most, Defendants contend that leave to amend would prejudice them by mooting their original Motions to Dismiss and requiring them to file pleadings responsive to Plaintiffs' Amended Complaint. (ECF No. 57 at 5.); *see also Brent v. City of Cumberland Police Dep't*, Civ. No. JKB-22-1349, 2023 WL 2457591, at *5 (D. Md. Mar. 10, 2023) (holding motions directed at superseded pleadings must be denied as moot); *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4, 129 S. Ct. 1109 (2009) (explaining amended complaint supersedes original complaint). In light of the Supreme Court's instruction that Federal Rule of Procedure 15(a) should be liberally construed to allow amended pleadings, Defendants' assertion that an amended complaint will require further responsive pleading does not amount to the obvious prejudice needed to justify denying leave to amend.

Moreover, Plaintiffs' delay in filing a request to amend their Complaint is not due to bad faith but rather the result of substantial difficulty in obtaining records related to Mr. Proctor's death. Plaintiffs' Motion explains that Plaintiffs sent multiple Maryland Public Information Act requests for information related to Mr. Proctor's death to Defendant DPSCS between September and November 2023. (ECF No. 46 at 2.) Ultimately, after DPSCS failed to respond to any of these inquiries, Plaintiffs initiated an action for injunctive relief in the

12

Circuit Court for Baltimore City to require DPSCS to release the records. Although DPSCS began to produce records to Plaintiffs in February 2024, that suit remains pending, and Plaintiffs believe additional records are still outstanding. The content of the proposed Amended Complaint incorporates information that Plaintiffs learned from the records DPSCS produced to them in 2024, after this action was filed.

Finally, Plaintiffs' Amended Complaint is not futile. "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Piper Aircraft Corp.*, 615 F.2d at 613 (4th Cir. 1980). Therefore, "[l]eave to amend ... should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added). As the Fourth Circuit has explained, "[f]utility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Bond v. United States*, 742 F. App'x 735, 736 (4th Cir. 2018) (per curiam). Without reaching the merits of Plaintiffs' claims, it is not facially obvious that the Amended Complaint is futile. The proposed Amended Complaint provides significant detail regarding the events surrounding Mr. Proctor's death, including detailed explanations of prior instances of negligence and retaliation in Maryland prisons.[9]

---

[9] Plaintiffs raise 42 U.S.C. § 1983 claims against all Defendants, including Scruggs and Greene. The Court does not reach the merits of those claims in concluding leave to amend is appropriate, but the Court does note that there is no vicarious liability under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Plaintiffs allege various negligence and constitutional claims against Scruggs and Greene, however, which would not be subject to the supervisor liability limitation applicable to § 1983 claims.

Even assuming that some of the claims in Plaintiffs' Amended Complaint would be barred by immunities as to some Defendants, under the liberal Rule 15(a) standard the amendments are not futile. Any such immunity is not obvious on the face of the proposed amendments, and several of Plaintiffs' claims are not affected by immunity at all. Accordingly, under the liberal standard of Federal Rule of Civil Procedure 15(a), leave to amend is appropriate because "at least some [of the] claims are not futile." *Next Generation Grp.*, 2012 WL 37397 at *3.

Although the Court does not make any determination regarding immunity, it seems prudent to note the possibility that some of Plaintiffs' claims against some Defendants would be barred by various immunities. *See* ECF No. 30 at 15–20; ECF No. 32 at 9–12 (discussing immunity defenses).) First, as Judge Hollander of this Court recently explained, "states enjoy sovereign immunity from suits for damages brought in federal court by their own citizens." *Francis v. Maryland*, ELH-21-1365, 23 WL 2456553, at *11 (D. Md. Mar. 10, 2023) (citing *Hans v. Louisiana*, 134 U.S. 1, 3, 10 S. Ct. 504 (1890)). Removal to federal court does not defeat sovereign immunity unless the state has waived such immunity in its own courts. *Id.* at *14 (citing *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020)). Maryland has waived some of its immunities in the Maryland Tort Claims Act ("MTCA"), MD. CODE ANN., STATE GOV'T § 12-104(b). Under the MTCA, Maryland and its agencies—including employees— remain immune from damages for negligent, intentional, and constitutional torts not conducted with malice or gross negligence. MD. CODE ANN., STATE GOV'T § 12-104(b); MD. CODE ANN., CTS. & JUD. PROCS. § 5-522(b). In this case, Plaintiffs allege that one of the responding state officers used a state-issued cell phone to send Mr. Proctor's relative a

14

photograph of his mutilated body lying on the ground immediately after his death. (ECF No. 46-3 ¶ 49.) This allegation carries potential malice sufficient to suggest that MTCA immunity may not apply and, therefore, the amendments are not *obviously* subject to immunity such that they are futile on their face.

Second, a government official sued under § 1983 is entitled to qualified immunity unless (1) her conduct violated the plaintiffs' constitutional or statutory rights, *and* (2) those constitutional or statutory rights were clearly established such that, at the time of the violation, a reasonable person would have understood that her actions violated a constitutional right. *Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013). The Fourth Circuit recently held that an inmate's "right to have a correctional officer look into a cell window while conducting a security check—given a known and substantial risk of inmate-on-inmate violence in the unit" was not clearly established for the purposes of qualified immunity. *King v. Riley*, 76 F.4th 259, 266 (4th Cir. 2023). Under these limitations, some of the amended § 1983 claims against Scruggs, Greene, and the Correctional Officer Defendants may fail. Yet, Plaintiffs also allege that correctional officers failed to respond to Mr. Proctor's pleas for help during an attack that lasted several minutes, and the officers only became aware the attack had occurred after the *assailant* notified them that Mr. Proctor needed assistance. (ECF No. 46-3 ¶¶ 31–37.) These factual allegations are distinct enough from *King v. Riley* that it is not obvious on the face of the Amended Complaint that amendment would be futile.

Therefore, Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) is GRANTED. Defendants' Motion to Strike (ECF No. 57) is DENIED, and Defendants' pending Motions to Dismiss (ECF No. 30; ECF No. 32) are rendered MOOT.[10]

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED this 20th day of December 2024 that:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 46) is GRANTED;

2. Defendants' Motion to Strike Plaintiffs' Responsive Pleading (ECF No. 57) is DENIED;

3. Defendants' pending Motions to Dismiss the Original Complaints (ECF No. 30; ECF No. 32) are rendered MOOT;

4. Defendants Scruggs, Greene, State of Maryland, and DPSCS shall respond to Plaintiffs' Amended Complaint within 14 days of the date of this Memorandum Order;[11] and,

5. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record.

Dated: December 20, 2024

/s/_____
Richard D. Bennett
United States Senior District Judge

---

[10] As explained above, "[w]hen a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded." *Venable v. Pritzker*, No. GLR-13-1867, 2024 WL 2452705, at *5 (D. Md. May 30, 2014), *aff'd* 610 F. App'x 341 (4th Cir. 2015).

[11] As explained above, the Amended Complaint adds three defendants who do not yet appear to have been served. *See supra*, note 6. Once proper service occurs, those defendants should file responsive pleadings consistent with the Federal Rules of Civil Procedure.